## DAVID SMITH v. JNO. SHACKLETT'S HEIRS.

**Land — Action; for — Necessary Parties Plaintiff — Waiver of Homestead by Widow.**

　　The appellees, as the heirs of John Shacklett, under whose title they claim the land in contest, were the only necessary parties plaintiff as their mother, having waived her right of dower to hold the homestead by removing therefrom, had lost any interest therein, which could have made her a necessary party.

**Second Trial — Evidence Used on First Trial — Death — Nonresidence — Disability of Witness — Bill of Exceptions.**

　　The death, nonresidency, or disability of a witness whose statements have been read on the first trial of a case, does not deprive a party of the right to use them, on the second trial, as embodied in the bill of exceptions on the first trial.

APPEAL FROM MEADE CIRCUIT COURT.

April 23, 1867.

OPINION OF THE COURT BY JUDGE ROBERTSON:

The appellees, as the children and only heirs of John Shacklett under whose possessory title they claim the land in contest in this action were the only necessary parties as plaintiffs, because their mother, having waived her right to hold the homestead until assignment of dower, removing therefrom and settling on a tract unconnected therewith and holding possession of it for her children, had lost any interest which could have made her a necessary party.

The evidence on the last trial was substantially the same as on the first trial, but was rather stronger in favor of the verdict so far as it proved that Robert's patent, with which the appellant attempted to connect himself, does not cover any of the land in contest. And consequently this court, having, on an appeal from the first judgment, decided that the evidence sustained the first verdict, cannot now consistently adjudge stronger evidence insufficient on the last trial.

The death, nonresidence, or disability of witnesses whose statements were read on the first trial, did not deprive the appellees

of the right to use them on the last trial — as embodied in the bill of exceptions on the first trial — and the exceptions to the depositions filed on the 5th of February, 1857, were properly overruled because they did not question the competency of the witnesses, and all other objections had been waived by law as well as by express agreement.

Nor is there any available error in either giving or refusing instructions. All the instructions given on the last trial for the appellees, except 7 and 10, had been given on the first trial, and this court, in its former opinion, tacitly approved all of them except 7 and 10, and reversed the judgment only because these two were considered misleading. And, on the last trial, they were modified as prescribed in the mandate. We could not, therefore, reverse the last judgment for error in giving instructions for the appellees. All the instructions asked by the appellant were given except No. 6 which proposed the exclusion of the bond from Lewis to John Shacklett on the ground that there was no evidence tending to prove the execution of it. But not only was the refusal to give the same instruction on the first trial silently approved by the former opinion of this court, but the facts proved by Ross and wife conduced to establish the execution of the bond so far as to authorize the jury to consider those facts and decide upon them.

We cannot, therefore, reverse for imputed error in again refusing to give that instruction.

Wherefore, perceiving no available error, the judgment is affirmed.

*Walker,* for Appellant.

*Helm,* for Appellees.